The Prudential Insurance Company of America *v.* Young.

Filed March 10, 1896.

---

No. 1,757.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
*v.* YOUNG.

INSURANCE.— *Life.*— *Assignment of Policy.*— *Action.*— *Condition in Policy.*—*Option.*—The provision of a policy of life insurance payable to the "executor or administrator" of the insured, reserv-

ing the right to the company at its option to pay the benefit to any of a designated class of persons who shall become equitably entitled thereto by having incurred expenses for the burial of the insured, does not prevent an assignment of the policy by the insured, upon which a claim may be based against the company, in the absence of its exercise of the option.

BILL OF EXCEPTIONS.—*Filing.*—*Signing.*—A purported bill of exceptions cannot be considered a part of the record on appeal to the Appellate Court unless the record shows affirmatively that it was filed after it was signed by the court.

From the Vanderburgh Superior Court.

*J. E. Williamson,* for appellant.

*Gilchrist & De Bruler,* for appellee.

Ross, J.—The appellee sued and recovered judgment against the appellant upon two policies of insurance issued by appellant upon the life of Flodoroada Young, the son of appellee.

By each of the policies of insurance the appellant promises to pay to the "executor or administrator" of the insured within twenty-four hours after satisfactory proof of his death, the sum of one hundred and forty dollars, "unless settlement shall be made under the provisions of article second" which reads as follows: "The company may pay the sum of money insured hereby to any relative by blood, or connection by marriage, of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that

all claims under this policy have been fully satisfied."

It is alleged in the complaint that the insured designated the appellee as the beneficiary and directed the appellant to pay the amount of said policies to her upon his death. The application or request in which the insured designated the appellee as the beneficiary, was made upon a printed form prepared and furnished by the appellant, in which it was provided that nothing therein contained should in any manner vary any of the provisions, agreements or conditions contained in the policy, and that appellant might "at its option pay said benefit according to the said proviso, or article second, anything herein to the contrary notwithstanding." A copy of this application or request was filed with the complaint.

The appellant insists that neither paragraph of the complaint states a cause of action in appellee ; that the policies on their face designate the executor or administrator of the insured as the beneficiary, and that the insured could not change the beneficiary designated in the policies without the knowledge or consent of the appellant; that the complaint fails to allege that such consent was given or that appellant had been notified of the change in beneficiaries. And further that even had notice of the change been given, it was optional with appellant as to whether or not it would recognize the change and pay the new beneficiary named, or make payment as the policy provided under "article second."

It is well settled in this State that the beneficiary named in an ordinary policy of insurance, issued by a regular life insurance company, cannot be changed without the consent of such beneficiary. *Pence, Admr.,* v. *Makepeace,* 65 Ind. 345 ; *Wilburn* v. *Wilburn* 83 Ind. 55 ; *Harley, Admr.,* v. *Heist,* 86 Ind. 196 ; *Presbyterian Mutual Assurance Fund* v. *Allen,* 106

Ind. 593; *Kline* v. *National Benefit Association,* 111 Ind. 462.

The policies sued on did not designate a beneficiary in whom the right to benefits under the policy vested. The insured had neither an executor nor an administrator and could not have until after his death. There was no one therefore in whom title to the policy could vest unless it vested in some one of the persons referred to in article second. We think no right vested in the persons referred to in this article if for no other reason than that their right depended upon the willingness of the appellant to recognize them, which it was not bound to do. But it is plain that the beneficiary designated was the insured's estate, and was the property of his estate and if he had died without changing the beneficiary it could have been collected as part of the assets of the estate and used to pay his debts. In fact the policies were made payable to the insured himself, and the rights thereunder accrued to him, and as his property he had a right to sell, assign or transfer them the same as any other chose in action, subject, however, to the restriction which the law places around the transfer of policies of insurance on the lives of persons. When the insured designated the appellee as the beneficiary he in effect assigned and transferred to her his rights in the policies and they vested in her at once. What effect a payment in accordance with the provision of article second would have upon appellee's right of recovery is not presented, hence we decide nothing with reference to that question.

The complaint is sufficient to withstand a demurrer for want of facts.

The other questions urged by appellant for a reversal of the judgment of the court below require an examination of the evidence, which is not properly in the record. Unless the record shows affirmatively that a bill of

exceptions was filed after it was signed by the court, it does not become a part of the record and cannot properly be embodied in a transcript on appeal.

It appears from the transcript of the record and proceedings of the court below that on the 6th day of June, 1894, the same being the third judicial day of the June Term, 1894, of the said court, the appellant's motion for a new trial was overruled, an appeal prayed to this court, ten days given to file an appeal bond and sixty days to prepare and file bill of exceptions. On June 16, 1894, the same being the twelfth judicial day of the June Term, 1894, of said court, the record says: "Comes the defendant and files its appeal bond in the sum of $250.00 with W. L. Swormstedt, as surety; which bond is now approved.

"Now comes the defendant and files its bill of exceptions herein which is now made a part of the record, this 23d day of May, 1895."

This last clause appears to have been written in the transcript at another and different time from that when the remainder of the order was copied, and it shows that it was originally written as "May, 1894," and then the 4 changed to a 5, making it read "May, 1895."

Of course it is plain that the court in the entry of its doings of June 16, 1894, could not note the filing of a bill of exceptions on the "23d day of May, 1895," nearly a year after the order was made.

The bill itself shows that it was tendered to the presiding judge for signature on the 6th day of July, 1894, but not approved by him, and that it was signed and approved by his successor on the 23d day of May, 1895.

The certificate of the clerk attached to the transcript is dated July 23, 1895, which is more than one year

after the rendition of the judgment appealed from. And in his certificate the clerk does not certify that the bill was ever filed. Neither does the bill itself contain a file mark showing either that it was filed as a bill of exceptions after being signed by the judge or that the long-hand manuscript of the evidence was filed before it was inserted in the bill.

The judgment of the court below is affirmed.

Filed March 10, 1896.

### Concurring Opinion.

Davis, J.—The clerk recites in his certificate that "the bill of exception which (is) hereto attached is the original." In other words the attempt has been made to bring the evidence and also the instructions given and refused into the record under the provisions of section 641, R. S. 1894, by certifying the original bill of exception embracing the same to this court. This cannot be done. *Gish* v. *Gish*, 7 Ind. App. 104. No attempt has been made to bring the evidence into the record on this appeal under the provision of section 1476, R. S. 1894. *DeHart* v. *Board, etc.*, 143 Ind. 363. In the condition of the record no question arising on the evidence or instruction is presented for our consideration. I therefore concur in the affirmance of the judgment of the trial court.

Gavin, C. J., concurs in result.

Filed March 10, 1896.