<hr/>

(35 App. Div. 569.)

GOLDEN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. INSURANCE—INTERPLEADER—TRUSTEES.

An insurance company is not entitled to interplead the surviving husband of insured, who surrendered the policy after her death, and a named beneficiary in the policy, who was to pay out of it the funeral expenses of insured, the husband claiming that, as he married insured after the

policy was issued, the beneficiary became only a trustee; since the bene-
ficiary would be entitled to payment even if but a trustee.

2. SAME—POLICY—CONSTRUCTION.

A clause of a life insurance policy providing that the production of the
policy by the company and of a receipt for the sum assured, signed by any
person furnishing proofs satisfactory to the company that he or she is
the beneficiary or an executor or administrator, husband, or wife, etc., of
the insured, shall be conclusive evidence that the benefit has been paid
to and received by the person lawfully entitled to it, is for the protection
of the company, and does not entitle the insured's surviving husband to
collect the benefit—he having married after the policy was executed—as
against a named beneficiary.

Appeal from special term, New York county.

Action by Eliza Golden against the Metropolitan Life Insurance
Company. There was an order on defendant's motion to substitute
John Nolan as defendant, and to interplead the parties, and plaintiff
appealed. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and O'BRIEN, JJ.

M. E. Kelley, for appellant.

John McG. Goodale, for respondent.

VAN BRUNT, P. J. This action was brought against the defend-
ant to recover upon two policies of insurance on the life of Mary E.
Nolan, the plaintiff claiming to be the beneficiary named in the poli-
cies. It appears from the evidence that at the time the insurance
was taken out the assured informed the agent that she wished to have
the amount of the insurance applied to the payment of her funeral
expenses, naming the plaintiff as the person to whom the benefit should
be paid. She subsequently married, and took some steps towards
substituting her husband as beneficiary, which, however, was never
done. The policies remained in her possession until her death, she
paying the premium thereon. The husband, who was appointed ex-
ecutor of the last will and testament of the assured, after her death ·
surrendered the policies to the insurance company, claiming the amount
of said insurance upon the ground that he was the proper person to
receive the same under the designation in the policies, they having
been in his possession lawfully, and surrendered to the company by
him; further claiming that the designation of the plaintiff was re-
voked; and, finally, that the plaintiff, if she is the payee, is a trustee
in favor of the estate by her own agreements or acts. The rule gov-
erning applications of this description seems to be that, to justify an
order of interpleader, it must be made to appear that the original de-
fendant cannot, without hazard, determine to which of the parties it
should pay the money which is the subject-matter of the action. Ap-
plying this rule to the facts disclosed in the record upon this appeal,
there would seem to be no question as to who was entitled to the in-
surance money. The objection that the plaintiff is a trustee by her
own agreement or acts does not deprive her of the right to receive the
money. On the contrary, she is the person to whom it should be
paid, as she is the person to execute the trust, if any exists.

The claim that the designation of the plaintiff was revoked is en-

tirely without proof.    On the contrary, the evidence is that it never was revoked.

The claim that the executor, being in possession of the policies, and having surrendered them to the company, was the person designated by the policies as beneficiary, is clearly untenable.    This contention is founded upon the fifth condition of the policies.    It appeared that in the application for the policies, made by the express terms of such policies a part thereof, the beneficiary is stated to be the plaintiff.    The policies contained also an agreement upon the part of the insurance company to pay to the person or persons designated in condition 5, upon receipt of proofs satisfactory to said company of the death of the insured, the amount of money stipulated in a certain schedule under the words "Amount of Insurance."    Condition 5, referred to, is as follows:

"Fifth. The production by the company of this policy, and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is the beneficiary, or an executor or administrator, husband or wife, or relative by blood, or connection by marriage, of the insured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied."

It is clear that the intention of this clause was to protect the company in the payment of the insurance to any of the persons named in the fifth clause under the conditions therein specified, and it is apparent that the provision of the policies whereby the company agrees to pay to the person or persons designated in condition 5, upon satisfactory proof of death, was only intended to limit the class who could claim under the policies; in other words, strangers to the class mentioned in condition 5 would have no right to make a claim against the company.    The plaintiff was one of such class.    She was a lawful beneficiary, duly designated by the assured.    The company had not paid the amount of insurance to any of the persons named in condition 5 presenting the policies.    Consequently the plaintiff was entitled to recover.    Any other construction would make such a policy a delusion and a snare.    No one could tell, when he named a beneficiary, whether the person sought to be benefited could possibly ever derive any benefit from the insurance.    Full force and effect can be given to the fifth condition, and to all the provisions of the policies, without producing the anomalous result that, although it appeared that a certain person was to be the one benefited by the policy, any one else within the fifth clause who could produce the policy would be entitled to receive the money.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.    All concur.

55 N.Y.S.—10