WOKAL v. BELSKY et al.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. LIFE INSURANCE—BENEFICIARIES—ACTION ON POLICY.
    Where a life policy provided that the company might pay the amount thereof to any relative of the insured, or any other person appearing equitably entitled thereto as a creditor, insured's administrator may maintain an action on the policy on failure of the company to make payment according to the terms thereof, since such provision does not give such persons a vested interest as beneficiaries, but merely gives the company the option to pay them the insurance.

2. SAME—PARTIES.
    Code Civ. Proc. § 447, authorizing the bringing in of any party as defendant who is necessary to a complete determination of a suit, applies to actions at law as well as in equity; and one who claimed an adverse interest in a life policy was properly made a defendant to an action by the insured's administrator to recover the amount of the policy.

Appeal from special term, New York county.

Action by Emanuel F. Wokal, administrator of the estate of John Wokal, deceased, against Wincy Belsky and another. From a judgment in favor of defendants, sustaining a demurrer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Howard E. White, for appellant.
Edward Hymes, for respondents.

O'BRIEN, J. The action was brought by an administrator upon two policies of insurance issued to John Wokal upon his life by the defendant the Metropolitan Life Insurance Company. The defendant Wincy Belsky is alleged to be an adverse claimant, and is joined as a party interested, under section 447 of the Code of Civil Procedure; and, though the demurrer was interposed upon the ground that no cause of action was stated as against her, that question was not decided, the demurrer being sustained upon the ground that no cause of action was stated as against the insurance company, which was the principal defendant. We think that a reading of the complaint shows that a good cause of action is stated against the company.

It alleges, in addition to the facts relating to the issuance of the insurance, that the policies provided "that the defendant corporation, in case of the death of the said John Wokal, might pay the said amount under said policy to any relative by blood or connection by marriage of said John Wokal, or to any other person appearing to the defendant corporation to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his burial." The complaint further states that the terms and conditions of the policies were fulfilled, and the proofs of death furnished, but the defendant corporation has refused, and still refuses and neglects, to pay the amount of the said policies. That the allegations sufficiently charge the company with liability is not seriously disputed; but the point upon which the demurrer was sustained was that, as the policies limited the classes of persons who may claim thereunder, the administrator, not being mentioned, was excluded, and therefore a good cause of action in favor of this plaintiff was not stated. Although it is true that the policies mentioned classes of persons to whom payment might be made, which thereby left it optional with the company which one of the persons in the classes named it would select as beneficiary, this option cannot be regarded as relieving the company from its obligation to pay some one. Upon its failure, therefore, to pay to any of the persons in the classes specified, the plaintiff, as administrator, was entitled to maintain an action against the company, in behalf of the personal representatives, to enforce payment of the insurance. In other words, although the company might make a designation and a payment in accordance with the terms of the policies, upon its failure or refusal to exercise such right the fund was left in a position such that it could be recovered by the administrator of the insured. In Shea v. Insurance Co., 23 App. Div. 53, 48 N. Y. Supp. 548, where just such a clause was involved, the court said:

"This article corresponds with the representations made to the plaintiff, with this difference: that, instead of being an absolute promise to pay, it is permissive at the option of the company."

And in Insurance Co. v. Young (Ind. App.) 43 N. E. 253, where a similar clause appeared, it was said:

"The policies sued on did not designate a beneficiary in whom the right to benefits under the policy vested. The insured had neither an executor nor administrator, and could not have until after his death. There was no one, therefore, in whom title to the policy could vest, unless it vested in some one of the persons referred to in article second. We think no right vested in the persons referred to in this article, if for no other reason than that their right depended upon the willingness of the appellant to recognize them, which it was not bound to do. But it is plain that the beneficiary designated was the insured's estate."

Bearing also upon this point are those cases where, upon exercising the option so granted, an insurance company may allege this as defense in an action brought against it on the policy, but, before it has made payment, cannot use such a clause by way of discrimination against a beneficiary specially designated, or one of a designated class. Brennan v. Insurance Co. (Pa.) 32 Atl. 1042; Carraher v. Insurance Co., 11 N. Y. St. Rep. 665; Golden v. Insurance

Co., 35 App. Div. 569, 55 N. Y. Supp. 143. In other words, the right granted is distinctly an option to be exercised under certain conditions, but not to be used to defeat the purposes of the insurance; it being a general rule that an obligation of an insurance company cannot fail for want of a particular payee. Walsh v. Insurance Co., 133 N. Y. 408, 31 N. E. 228. The defendant must, by the terms of the policy, pay the amount of it to such person as has become entitled to it by reason of having incurred expense on behalf of the insured, or for his burial. The plaintiff, the administrator of the estate of John Wokal, alleges in his complaint that he has actually paid the expenses of Wokal's burial; and therefore not only is he entitled to recover as administrator, if the corporation has not paid some one else, but he is also entitled to recover as a person equitably entitled under the terms of the policy. Apart, however, from authorities, it is evident from the wording of this clause in the policy that no particular beneficiary was designated, and therefore no one, upon the death of the insured, became entitled individually to enforce payment against the company, except to the extent that he might have paid debts or funeral expenses, when, as a creditor, he might seek to have his claim paid out of the fund. In the absence, however, of a specified or designated beneficiary or beneficiaries to whom the insurance money was absolutely payable under the policy in question, it was left optional with the company whether it would or would not discharge its obligation by payment to any of the persons in the classes named. Upon failure to exercise such option, the obligation still remained; and the right to enforce it, it seems to us, devolved upon the administrator, representing as he does the estate of the deceased. Unless this were so, as none of the persons in the classes named could enforce their claims in an action, because their rights were entirely dependent upon the company's exercising the option in their favor, it would follow that, unless the administrator of the estate could enforce such liability, there would be no one who could do so, and thus the company would be able to escape entirely payment of its obligation. Such a clause in a policy is inserted for the protection of the company, to enable it, in industrial policies, where, as here, the amount payable is small, to discharge its obligation by payment to any one of the classes designated, without requiring administration; but it is not intended to relieve the company from payment to some one. And, as urged by the appellant, "the only effect of the clause is to provide the company with a defense in case it has paid thereunder. It neither gives nor takes away a cause of action from any person."

As to the claim of the defendant Belsky that no cause of action is stated against her, it will be seen that her argument proceeds upon the theory that this is an action at law, and the provision of section 447 of the Code, entitling a plaintiff to bring in an adverse party, applies only to actions in equity. We are not prepared to admit that this is an action at law; for, although it is brought to recover an amount due under policies of insurance, its purpose is to determine who is entitled to the insurance money, and it is in that connection that the defendant Belsky is joined,—the prayer of the

complaint being for a final determination of the question as to whom among the adverse claimants the fund is payable. Regarded, however, as an action at law, the further contention is unsound, because section 447 of the 'Code has never been confined exclusively to equity actions. In Derham v. Lee, 87 N. Y. 599,—an action brought to recover for services rendered,—this question was thus ably discussed and settled:

"It was, in equity, a general rule that all persons interested in the subject of the suit should be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits and secure a final determination of their rights. Story, Eq. Pl. § 72. The provisions of our Code are not in derogation of this principle, but apply it to all actions where the controversy can be ended by one hearing and adjudication. Sections 446, 447, 452. The first section permits all persons having an interest in the subject of the action, and in obtaining the judgment demanded, to be joined as plaintiffs, except in certain prescribed cases; the next allows any person to be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or whose presence is necessary for a complete determination of a question involved therein; while the last requires the court to direct such other parties to be brought in The case is within the spirit and meaning of these provisions."

And in Rank v. Levinus, 5 Civ. Proc. R. 368,—an action in ejectment, where an appeal was taken from an interlocutory judgment overruling demurrer to complaint,—it is said in the opinion on appeal, affirming the judgment:

"The complaint, in substance, avers that the other defendants are in occupation of the whole, and the defendant is in possession with them of a part. If the appellant's position is correct, the plaintiff would be driven to an action against the appellant alone, and then another action against the other defendants. She ought to have an action against them jointly. * * * In my opinion, section 447 applies to the case of the appellant, as a party who claims an interest in the controversy adverse to the plaintiff."

Our conclusion is that there was a good cause of action stated as against the principal defendant, and that the bringing in of the defendant Belsky did not, as to her, make the complaint demurrable. The order sustaining the demurrer was therefore erroneous, and the interlocutory judgment entered thereon should be reversed, with costs of appeal and costs of demurrer in the court below to the appellant, but with leave to the defendant to withdraw demurrer and answer within 20 days from entry of judgment, upon payment of said costs. All concur.