(86 App. Div. 447.)

RUOFF v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. INSURANCE—BENEFICIARIES—ACTION BY ADMINISTRATOR—RIGHT TO SUE.
    Where a policy provided that, in the event of insured's death while the policy was in force, payment would be made, after satisfactory proof of death, to the beneficiary, if living, but that the company might make payment to the executor or administrator of insured, or to any relative by blood or marriage, or any other person equitably entitled to receive the same by reason of having incurred expense on behalf of insured for burial or any other purpose, etc., and that the receipt of such person should be conclusive evidence of payment, insured's administratrix had no right to maintain an action to recover the proceeds of the policy as against the beneficiary named therein, while the latter lived.

2. SAME—DESIGNATION OF BENEFICIARY.
    Insured was entitled to insure her life for the benefit of a man, without regard to whether they were lawfully married.

Appeal from Municipal Court.

Action by Lizzie Ruoff, administratrix of the estate of Lena Makel, deceased. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The plaintiff sues, as administrator of the assured, upon a life insurance policy, and the Municipal Court dismissed her complaint at the close of her case on the ground that she could not maintain this action. The policy, which was written in $250, provides: "In the event of the decease of the insured while this policy is in force, payment of the amount due hereunder will be made within twenty-four hours after satisfactory proof of death, to the beneficiary, if living, last nominated, whether in the proposal herefor or in any written amendment thereto filed with and approved by the company; but the company may make payment to the executor or administrator

¶ 2. See Insurance, vol. 28, Cent. Dig. § 138.

of said insured, or to any relative by blood, or connection by marriage or to any other in the judgment of said company equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for burial, or for any other purpose, and the receipt of any such person shall be conclusive evidence that payment has been properly made and shall discharge the company from liability under the policy." The beneficiary named in the proposal of the assured is Edward Makel, who lives.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Martin E. Halpin, for appellant.
Emanuel Newman, for respondent.

JENKS, J.   The contract as written provides for payment to a certain living beneficiary. The contract as construed by the plaintiff would entitle the administrator to the same status as that beneficiary. But such construction is counter to the terms of the policy, for the reason that the clause wherein the administrator is named makes it optional with the insurer to pay the administrator or any other of the persons enumerated with her. The scheme of the clause is to protect the company in the event of its payment to any one of such persons under the conditions named, and to limit the effect of such a payment, when made, only to one of the persons thus enumerated. It does not clothe the administrator with a right of action upon the policy. Golden v. Metropolitan Life Ins. Co., 35 App. Div. 569, 55 N. Y. Supp. 143. In Wokal v. Belsky, 53 App. Div. 167, 65 N. Y. Supp. 815, it is said that such a clause is inserted in industrial policies, where the amount is small, so that the company may discharge its obligation to any one of the designated class without requiring administration, and that "the only effect of such clause is to provide the company with a defense, in case it has paid thereunder. It neither grants nor takes away a cause of action from any person." Further, if the construction made by the plaintiff be correct, then there was no assurance to the assured that her designated beneficiary would ever benefit by her nomination, unless, at best, he was first in the race of the vigilant. Golden v. Metropolitan Life Ins. Co., supra.

The learned counsel for the appellant cites Wokal's Case as in his favor. But in that case the policy named no beneficiary in the sense that this intestate nominated Mr. Makel, but provided that payment might be made to any relative, or to any other person equitably entitled thereto. And so, when payment was not made to any one of the designated class, the court decided that the administrator, although not among those designated, might sue as representing the estate, applying the principle that the obligation could not fail for want of a particular payee. But in that case the court said:

"We think no right vested in the persons referred to in this article, if for no other reason than that their right depended upon the willingness of the defendant to recognize them, which it was not bound to do. But it is plain that the beneficiary designated was the insured's estate."

This case, then, would be an authority for the plaintiff, if the contract had not provided for payment to a beneficiary exclusively named in the first instance, but had contained only the optional clause. Bish-

op v. G. L. E. O. of M. A., 112 N. Y. 627, 20 N. E. 562, does not apply, for the reason that the administrator does not in this case represent exclusively the intended beneficiary. Even if a payment made to the administrator under the optional clause would discharge the obligation of the company, that is far from establishing an absolute right of action in the administrator perforce of her inclusion in the designated class of payees.

The question mainly litigated was whether the beneficiary and the insured were man and wife, but I fail to see its pertinency. The woman was free to insure her life for the benefit of the man, though they were not lawfully married. Olmsted v. Keyes, 85 N. Y. 593. I think that the learned municipal justice, Lynch, J., properly disposed of the case, and that the judgment should be affirmed, with costs. All concur.

