MAKEL v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department.   June 17, 1904.)

1. INSURANCE—WARRANTY—RELATIONS BETWEEN INSURED AND BENEFICIARY.

　　A false warranty in an application for life insurance to the effect that applicant is the wife of the beneficiary defeats the policy.

2. SAME—ACTION ON POLICY—EVIDENCE.

　　In an action on a policy of insurance, the issue was whether plaintiff was the husband of insured, for whose benefit the policy was written. Plaintiff testified that insured went by his name, was introduced as his wife, and that they lived together, and he supported her, but there had been no marriage ceremony; the parties merely having agreed to "go to housekeeping." *Held*, that he was not her husband.

　　Hirschberg, P. J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Edward Makel against the John Hancock Mutual Life Insurance Company.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Hugo Hirsh (Emanuel Newman, on the brief), for appellant.
Martin E. Halpin, for respondent.

HOOKER, J.   The plaintiff had a recovery for the face of a policy of insurance issued by the defendant on the life of one Lena Makel.   The contract of insurance provided, in part, as follows: The insurance company, "in consideration of the statements and agreements in the application herefor, which are hereby referred to, and as warranties made a part of this contract and of the premium of fourteen cents   *   *   *   agrees to pay," etc.   The twelfth question in the application for the insurance is, "For whose benefit is the insurance desired?" and is answered, "Edward Makel."   "Relationship to person proposed for insurance?" answered by the assured, "Husband."   The following evidence given by the plaintiff, however, shows that he was not the husband of the assured:

　　"Was Lena Makel your wife? (Objected to, and objection sustained.)   A. Yes, sir.   Q. Were you married?   A. Not exactly married.   I was living with her near two years.   *   *   *   Q. Well, did you live with Lena Makel, the person mentioned in this policy?   (Objected to.   Objection overruled.)   By the witness:   Yes, sir."

The witness testified that she went by the name of Lena Makel, and that they cohabited together; that she was introduced as Mrs. Makel; and that he supported her, and she took care of the home. He said that the first place they lived together was at Bancroft Place.

　　"Q. Did you have any conversation with her before you went to live with her in Bancroft Place?   A. No, sir.   *   *   *   Q. When you went to live with her —when you first started in to live together—did you say anything to her, and she say anything to you?   (Objected to.   Objection overruled.)   Q. Tell us

¶ 1. See Insurance, vol. 28, Cent. Dig. § 677.

·what she said to you? A. The first place I met her was in 105 Johnson avenue. I was to her sister's, Mrs. Ruoff, and she took a fancy to me, and I took a fancy to her, and she said, 'How about if we go housekeeping?' Q. What else? A. So I said, 'All right,' and went to work and got furniture, and we moved in 15 Bancroft Place. Q. Was that all the conversation you had with her? A. Yes, sir."

It is clear from this evidence that no contract of marriage ever existed between the assured and the plaintiff, civil or ceremonial. He was not her husband, and her warranty contained in the application for the insurance to that effect was false. This breach of warranty was held in Gaines v. Fidelity & Casualty Co. (Sup.) 87 N. Y. Supp. 821, to be sufficient to forfeit the policy. In that case we took occasion to examine the cases on this question at some length, and its further discussion here is unnecessary. Upon the authority of that case, this judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

BARTLETT, J., concurs. HIRSCHBERG, P. J., dissents.

JENKS, J. I vote for reversal. I think that HOOKER, J., is right in his views that there was a breach of warranty made by the answer that the assured was the husband of Lena Makel. But I do not base my concurrence upon Gaines' Case (Sup.) 87 N. Y. Supp. 821, for the reason that we limited our judgment in that case to a policy of accident insurance. I prefer to rest my decision upon Jeffries v. Economical Life Ins. Co., 22 Wall. 47, 22 L. Ed. 833. It is true that HOOKER, J., writing for the court in Gaines' Case, supra, cited Jeffries' Case, supra; but the decision in Gaines' Case is not a clear precedent in the case at bar, for the reason just stated. Ruoff's Case, 86 App. Div. 447, 83 N. Y. Supp. 758, does not deal with the question presented in this case. I think now, as I thought when I wrote in Ruoff's Case, that the woman could insure her life for the benefit of the man, though they never intermarried, and, of course, that the man could insure his life for the benefit of the woman. Olmsted v. Keyes, 85 N. Y. 593. But the question in this case is as to the breach of warranty made by the assured in writing in his application that he was the husband of the beneficiary, when he was not.