## WACHTEL v. HARRISON.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. INSURANCE (§ 585*)—LIFE INSURANCE—CHANGE OF BENEFICIARIES.

A clause in an industrial life policy that a production by the company of the policy and a receipt for the sum assured signed by an executor, husband, blood relative, or lawful beneficiary of the deceased shall be conclusive evidence of payment to the person lawfully entitled, would not affect the rights of the beneficiary named in the policy or permit a change of the beneficiary without the consent of the original beneficiary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1461–1468; Dec. Dig. § 585.*]

2. INSURANCE (§ 587*)—LIFE INSURANCE—CHANGE OF BENEFICIARIES.

A paper signed by decedent purporting to change the beneficiary in an industrial life policy would not have that effect if it was not consented to by the original beneficiary, where the policy did not provide for change of beneficiaries without the beneficiary's consent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1469; Dec. Dig. § 587.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Gertrude Wachtel against the Metropolitan Insurance Company, on a policy, in which the company interpleaded Joseph Harrison. From a part of a judgment directing that the proceeds of a life insurance policy be paid to plaintiff, Harrison appeals. Reversed, and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Emanuel Celler, of New York City, for appellant.

Louis Levene, of New York City, for respondent.

PAGE, J. The plaintiff sued the insurance company upon three separate policies of insurance upon the life of Mary Harrison, deceased. The defendant Joseph Harrison made a demand upon the company for payment of the amount due upon the policies and was by order of the court interpleaded, and the action was contested between him and the plaintiff; the insurance company having paid the amount due into court. Judgment was granted for the plaintiff for the full amount with costs, and this appeal is taken from that part of the judgment which directs the amount due upon policy No. 4145182 to be paid to the plaintiff.

The policy in question is what is known as an "Industrial Policy," which is a form of policy in which for a small weekly premium the life is insured for a small amount, in this instance $75. The policy and applications were placed in evidence and together form the contract of insurance. In the application, Joseph Harrison, the defendant herein, was named as beneficiary, and no right was reserved to the insured to change the beneficiary without his consent. The policy itself refers to the application and states that it "is hereby made a part of the contract." It makes no further specific mention of a beneficiary except an agreement to pay the amount of the insurance "to the person or persons designated on condition fifth herein."

[1] Condition fifth is a clause which states that a production by the company of the policy and a receipt for the sum assured signed by an executor, administrator, husband or wife, or relative by blood or lawful beneficiary of the deceased, shall be conclusive evidence that it has been paid to the person lawfully entitled to receive it. It has been frequently held that such a clause, which is common in industrial policies, is merely intended as a protection to the insurance company in making quick payment upon the policy and does not either "grant or take away a cause of action from any person" on the policy (Ruoff v. John Hancock Mut. Life Ins. Co., 86 App. Div. 447, 83 N. Y. Supp. 758), so that, though the company might have been protected under the terms of the policy in making payment to the plaintiff (Cohen v. John Hancock Mut. Life Ins. Co., 135 App. Div. 776, 119 N. Y. Supp. 850), the rights of the defendant as beneficiary are not affected by the clause. He is the beneficiary named in the policy, and no right to make a change of beneficiary without his consent existed. Garner v. Germania Life

Ins. Co., 110 N. Y. 266, 18 N. E. 130, 1 L. R. A. 256; Whitehead v. N. Y. Life Ins. Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787.

[2] The plaintiff's alleged rights under the policy were based upon a paper signed by the deceased which purported to change the beneficiary to her name, but there is no evidence that it was consented to by the defendant, and it is accordingly without legal effect. The defendant as the beneficiary designated in the policy is entitled to its proceeds, together with whatever proportion of the mortuary bonus of $47.50 has accrued upon the policy. As the proportion of the aggregate bonus which belongs to this policy has not been shown, a new trial will have to be directed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.