In the Matter of the Application of MATILDA HILLS, as Administratrix of the Goods, Chattels and Credits of ADAM DEGENHARDT, Deceased, for an Order Directing an Inquiry Regarding Property of the Deceased.

Surrogate's Court, Bronx County, August 27, 1924.

**Executors and administrators — proceeding under Surrogate's Court Act, §§ 205 and 206, for delivery of property alleged to belong to intestate — defense that money withdrawn from savings bank was gift and that death benefits were properly paid to respondent as beneficiary — respondent failed to sustain burden of proof as to gift — money having been distributed to persons interested in estate decree for delivery cannot be made — industrial life insurance policy contained facility of payment clause authorizing payment in alternative to different persons — intestate attempted to make respondent beneficiary — payment properly made to respondent though insurance company did not formally approve change.**

In proceedings under sections 205 and 206 of the Surrogate's Court Act to require the delivery of property, alleged to belong to the intestate, consisting of money on deposit in a savings bank and death benefits paid under policies of industrial life insurance, the respondent, who had the burden of proving her claim that the money deposited in the savings bank was given to her by the decedent, failed to sustain that burden and, therefore, the title to the savings bank deposit was in the decedent at the time of his death.

Where it appears, however, that the money has been withdrawn from the bank and distributed and that the administratrix and others interested in the estate have accepted part of such distribution and the respondent no longer has possession of the money, a decree cannot be made directing its delivery to the administratrix.

The amount due on the life insurance policies which contain a facility of payment clause authorizing the insurer to pay to the executor or administrator, husband or wife, or any relative by blood of the insured, etc., was properly paid to the respondent since it appears that the decedent attempted to make the respondent his beneficiary and the consent to such change by the insurer, though not formally made, may be inferred from the fact that payment was made by the insurer to the respondent.

APPLICATION for order directing delivery of property.

*Henry Hirsch*, for the petitioner.

*Donnelly & Flynn*, for the respondent.

SCHULZ, S. This is an application under sections 205 and 206 of the Surrogate's Court Act for an order directing the delivery of property alleged to belong to the decedent.

The respondent interposed an answer alleging title as to two items, namely, money withdrawn from a savings bank account, claimed by her as a gift from the deceased, and death benefits paid under policies of life insurance, of which she alleges she was the beneficiary. The matter, therefore, became a trial in which the title to the moneys referred to must be determined. Sur. Ct. Act, § 206.

The burden of proving the gift of the savings bank account by the decedent to the respondent is upon the respondent and should be proved by clear and convincing evidence. See cases cited in *Matter of Hepner*, 123 Misc. Rep. 758. The evidence in this case is insufficient to sustain the burden and I, therefore, find that title to said savings bank deposit was in the decedent.

It appears, however, that the money has been withdrawn and distributed, and that the petitioner and others interested in the estate have accepted part of such distribution. In view of the fact that the respondent no longer has possession thereof no decree can be made for its delivery or other relief granted under the present form of the statute, assuming that such a decree could be made if she still had possession thereof. Whether the so-called adopted daughter of the decedent was entitled to receive part of it or whether the respondent and her brother acquiesced in the partial distribution made to her, it is unnecessary for me to consider on this application.

The policies upon the life of the decedent were the ordinary industrial ife insurance policies, and contained the usual provision that payment could be made by the company to the executor or administrator, husband or wife or any relative by blood of the insured, etc. This provision in industrial insurance policies is for the protection of the companies. It does not " grant or take away a cause of action from any person " (*Wachtel* v. *Harrison*, 84 Misc. Rep. 76; *Ruoff* v. *John Hancock Mut. Life Ins. Co.*, 86 App. Div. 447; *Wokal* v. *Belsky*, 53 id. 167): so that the fact that the death benefit was paid to the respondent, standing alone, did not give her title thereto as against the estate of the decedent. In this matter, however, it appears that the decedent had attempted to change the beneficiaries in said policies by naming the respondent as such in each case, but that the insurance company had not yet approved of such change. Under these circumstances, the company not having raised the question that its consent had not been obtained and having made payment to the respondent, I am of the opinion that the death benefits belong to her. *Luhrs* v. *Luhrs*, 123 N. Y. 367; *Southern Tier Masonic Relief Assn.* v. *Laudenbach*, 5 N. Y. Supp. 901; *White* v. *White*, 194 id. 114.

The evidence as to any other property alleged to be withheld by the respondent was insufficient to warrant the making of an order directing the delivery thereof, and the proceeding as to such property is dismissed

No costs will be allowed to either party as against he other. Settle decision and decree accordingly.

Decreed accordingly.