## SMITH, ADMINISTRATRIX, *v.* MASSIE.

[No. 14,282.   Filed December 17, 1931.]

*Miller & Causey,* for appellant.

*Walker & Hilleary* and *Stimson, Stimson & Davis,* for appellee.

LOCKYEAR, J.—Catherine Massie in her lifetime took out and carried three industrial policies of insurance upon her life, with no beneficiary named therein, with the Prudential Insurance Company of America, and, upon her death, the Prudential Insurance Company paid the proceeds due under the "Facility of Payment" clause in each policy to the appellee, Elza Massie.

The appellant was appointed administratrix of the estate of Catherine Massie, was duly qualified, and made demand upon appellee, Elza Massie, for the proceeds of said insurance, to wit, $690.16, which the said appellee then and there refused to turn over to her. Hence this action was brought. Appellant, Elizabeth Smith, as administratrix of the estate of Catherine Massie, filed a complaint against appellee, Elza Massie, to recover money paid to him by the Prudential Insurance Company of America on certain policies of insurance in which no beneficiary was named therein. Answer of general denial was filed to complaint by appellee.

There was a trial by the court without a jury, with a finding for the appellee. Motion for a new trial was filed on the ground that the finding of the court was not sustained by sufficient evidence and was contrary to law. The evidence in this case was upon an agreed statement of facts between the two parties and is, in substance, as follows: "It is stipulated and agreed by and between the parties that the Prudential Insurance Company of America paid to Elza Massie under Policy 36047554,

issued on April 27, 1914, the sum of $132; also the Prudential Insurance Company of America, paid to Elza Massie under policy 49153025, issued April 25, 1920, $255; also the Prudential Insurance Company of America paid to Elza Massie under Policy 66802869, issued April 26, 1926, $240, making a total of $690.16 paid on insurance policies issued on the life of Catherine Massie, who was the wife of Elza Massie, the defendant herein, at the time of the issuance of said policies; that photostatic copies of said policies are now introduced and read in evidence. It is further stipulated that Elza Massie was a member of the Talleydale Mine Local Union of the United Mine Workers of America and that, upon the death of the said Catherine Massie, the said Talleydale Local Union, levied an assessment of one dollar per member and the organization itself being obligated to pay $50, the said organization paid to Elza Massie the sum of $487. It was further stipulated that §9, Art. 2, of the by-laws of Talleydale Mine Local No. 4980 of the United Mine Workers of America is as follows: "In addition to the contract the following funeral benefits will be paid: For a member one dollar will be checked off of each member, as a donation to the proper person to receive the same, or for a member's wife: For each child over the age of fourteen and having life at birth, there shall be checked twenty-five cents from each member." Which policies were in full force and effect at the time of the death of the said Catherine Massie, and at all times mentioned in the proceedings. It was further stipulated that said Talleydale Mine Local paid to said Elza Massie, by reason of said by-law, the sum of $487; that said $487, as heretofore mentioned, includes a $50 payment which the said Talleydale Local Union, by its contract, agreed to pay to the said Elza Massie. It was further stipulated that the parties hereto agreed, before the trial of this action, that any lawful payments made

by the said Elza Massie would be shown in the trial hereof without any pleadings setting up the same, to the same extent as if the respective items had been pleaded by way of set-off. It was further agreed and stipulated that the said Elza Massie paid out of the sum of $489.55 of the moneys that he had so received from said Talleydale Local Union and the Prudential Insurance Company of America for funeral expenses and doctor bills for the said Catherine Massie. It was further stipulated that the said Elizabeth Smith has been at all times herein since January 7, 1930, acting as administratrix of the estate of Catherine Massie, and that she made said demand for said money while acting as said administratrix.

The policy of insurance provides for payment in case of death as follows: "The Prudential Insurance Company of America immediately upon receipt of due proof of the death of the insured during the continuance of this policy will pay at its Home office, Newark, New Jersey, the amount of benefit herein specified, to the executors or administrators of the insured, unless payment be made under the provisions of the next succeeding paragraph.

*"Facility of Payment.* It is understood and agreed that the said company may make any payment or grant any non-forfeiture privilege provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured for his or her burial, or if the insured be more than 15 years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such privilege to any or either of them shall be conclusive evidence that such payment

or privilege has been made or granted to the person or persons entitled thereto and that all claims under this policy have been fully satisfied."

Section 3077 Burns 1926 is as follows: "Letters testamentary and of administration, and of administration with the will annexed, or de bonis non, attested by the clerk, and under the seal of the court issuing them, shall be conclusive evidence of the authority of the person to whom they are granted until superseded or revoked, and shall extend to all the estate, personal and real, of the decedent within the estate. The record of such letters, and duly certified transcripts thereof, may be given in evidence with like effect as the originals."

As a general rule, the right to sue for money or other personalty of a decedent belongs to the personal representative and not to the surviving widow or ▮▮ widower; and, in the absence of a testamentary provision to the contrary, an administrator or executor is entitled to all the decedent's personal property for the purpose of settlement of the estate. *Pond, Admr.,* v. *Sweetser* (1882), 85 Ind. 144; *Hayes* v. *Shirk* (1906), 167 Ind. 569, 78 N. E. 653.

The case of *Prudential Ins. Co.* v. *Young* (1895), 14 Ind. App. 561, 43 N. E. 253, 56 Am. St. 319, is similar to the one under consideration. The court said: "But it is plain that the beneficiary designated was the insured's estate, and was the property of his estate and if he had died without changing the beneficiary, it could have been collected as part of the assets of the estate and used to pay his debts." But the clause of facility of payment was held not to prevent an assignment of the policy of the insured upon which a claim may be based against the company, in the absence of its exercise of the option. The court says, however, "What effect a payment in accordance with the provision of article second would have upon appellee's right of recovery is not pre-

sented, hence we decide nothing with reference to that question."

While the facility of payment clause protects the insurance company in all cases where it makes payment in accordance therewith, such payment made by the insurance company in the exercise of its option does not operate *ipso facto* to confer upon the payee of the fund any legal right of property therein, but constitutes the payee a trustee who holds the funds in trust for the benefit of the estate. *Allen* v. *Allen* (1918), 88 N. J. Eq. 575, 103 Atl. 169.

*In matter of Degenhardt* (1924), 123 Misc. Rep. 762, 206 N. Y. Supp. 220, speaking of a facility of payment clause, the court says: "This provision in industrial insurance policies is for the protection of the companies. It does not 'grant or take away a cause of action from any person,'" citing *Wachtel* v. *Harrison* (1914), 84 Misc. Rep. 76, 145 N. Y. Supp. 982; *Ruoff* v. *John Hancock Mutual Life Ins. Co.* (1903), 86 App. Div. 447, 83 N. Y. Supp. 758; *Wokal* v. *Belsky* (1900), 53 App. Div. 167, 65 N. Y. Supp. 815, so that the fact that the death benefit was paid to the respondent, standing alone, did not give her title thereto as against the estate of the decedent. To hold to any other view would be giving the insurance company the right to adjudicate matters between the contesting claimants to the proceeds of the policy.

In this case, the fact that Elza Massie is the husband of the deceased did not place him above the law to account to any administrator or executor who, under the law, is charged with the duty to collect the assets of the estate, pay the debts thereof, and make distribution of same to such heirs and legatees as may be entitled to the same, to be approved by a court granting authority to such administrator.

The motion for a new trial should have been granted,

on the ground that the finding of the court is contrary to law.

Judgment is reversed.

Kime, J., dissents.