EILEEN DICKIN, Plaintiff, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, December 22, 1931.

*Joel Mencher*, for the plaintiff.

*Frederick C. Tanner*, for the defendant.

CHILVERS, J. Action on a life insurance policy in which the plaintiff was the named beneficiary. The policy contained what seems to be termed a "facility of payment" clause, reading as follows: "The Company may make any payment or grant any non-forfeiture benefit provided herein either to the beneficiary above named, if living, or to such other living beneficiary as may be duly and finally designated, and recognized by endorsement hereon, or to the Executor or Administrator of said Insured or to any relative by blood or connection by marriage, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the Insured for burial or for any other purpose; and the receipt of any such payee shall be conclusive evidence that payment has been made to the person or persons entitled thereto and that all claims under this policy have been fully satisfied."

After receiving proof of death of the assured, the defendant paid the amount of the policy to his widow. The plaintiff, who was in no way related to the decedent, but whose name had been indorsed on the policy as the changed beneficiary, brings this action, claiming that the payment by the defendant on the policy to the widow, to the exclusion of the plaintiff, was made in bad faith. She shows that the defendant knew that a number of other policies on the life of this assured had been taken out in this company in favor of the widow, and that she had also benefited by some fraternal

insurance, and that, therefore, the defendant had no reason to believe that she was " equitably entitled thereto."

The evidence of the other insurance and of other payments made to the widow was submitted on stipulation that its materiality and relevancy should be determined by me. This not being a jury trial and the facts having been presented to me on an agreed statement, I have taken and considered all of the evidence, giving to it such weight, if any, as it may be entitled to receive.

It has been held that an insurer on a policy containing such provision as is here found, cannot be capricious or unreasonable in determining upon the payment to a person " equitably entitled thereto." But the courts have not gone farther than that, and they cannot go farther. The payment in this case was made to the widow and it is unnecessary to determine whether she was equitably entitled to it. The defendant was authorized by the agreement to pay either to a relative or to a representative of the assured or to any other person that might be equitably entitled thereto. It elected the one option, and consideration of the reasonableness had it elected another is unnecessary.

I have carefully considered the authorities urged by the plaintiff. *Zornow* v. *Prudential Insurance Co.* (210 App. Div. 340) is not applicable. The policy there was payable to the estate of the assured. Under a " facility of payment " clause, the company paid to a Mrs. Rothfus, with whom the decedent had been boarding, the amount of the policy on her promise that she would pay the funeral bill. She got the money and did not pay. The court held that the defendant company had not acted reasonably in determining that this woman was equitably entitled to the fund merely because she made a promise that she would pay the funeral bill.

*Ruoff* v. *John Hancock Mutual Life Insurance Co.* (86 App. Div. 447) held that an administrator of the assured could not maintain an action to recover upon the policy before the insurer had elected whether it would pay the beneficiary or one of the others mentioned in the facility of payment clause.

*Shea* v. *United States Industrial Insurance Co.* (23 App. Div. 53) permitted the mother of the assured to recover on the policy after the defendant company had, by unconscionable conduct, compromised the claim with the husband of the assured. A further ground was stated to be that at the inception of the contract of insurance the defendant company had elected to accept the mother as the beneficiary under the various options that it had.

In the case at bar the plaintiff assumes that she has a vested interest in the policy in spite of the contract that the parties have made. As the court said in *Cohen* v. *John Hancock Mutual Life*

*Insurance Co.* (135 App. Div. 776, at pp. 778, 779): " It seems to me that her interest was plainly contingent. She was to be paid unless payment was made to some one else according to the terms of the contract; but whatever interest she had it was expressly made subject to the option of the company to make the payment which it has made. Only one case has been called to our attention which seems to be exactly in point. (*Metropolitan Life Ins. Co.* v. *Schaffer*, 50 N. J. L. 72.) That case decided that a payment in strict accordance with the terms of the policy discharged the company from liability. It seems to me that that proposition requires no argument to support it, and it cannot be denied that the defendant has paid in strict accordance with the terms of the contract."

Judgment must be entered dismissing the complaint on the merits.