## SWARTZ, Exr v DENNISON

Ohio Appeals, 6th Dist, Lucas Co

No 3004. Decided Dec 17, 1934

Arthur A. Swartz, Toledo, for plaintiff in error.

Marcus Downing and Flory & Taylor, Toledo, for defendant in error.

**OPINION**

By OVERMYER, J.

Faye Dennison, in signing said release and authorization, therefore did not release her claim to the proceeds of these policies. She simply made it possible for the insurance company to pay the money to the executor and be released from further obligations in the matter, and the executor as trustee, held the money pending the directions and instructions of the court, thus transferring the dispute from one between the executor and Mrs. Dennison and the insurance company, to a dispute only between the executor and Mrs. Dennison.

Plaintiff's contention that the defendant is not the beneficiary under the policies in question is based chiefly on two grounds, first: that the paper signed by Cora Mapes,

Form No 159, was not actually attached to the policies and the conditions of the policies were not followed in making the change; and, second, that the insured had no right to change or name a beneficiary.

We find no difficulty in disposing of the first complaint, for we hold that the execution of Form No. 159 furnished by the company, and which has been used by the company for many years for the same purposes, and if the condition of the policy as to modification is applicable to the facts in the instant case, then the placing of the same with the policies in her safety deposit box was a substantial compliance with the requirement that the same should be "attached" to the policy or endorsed on the policy, and substantial compliance is all that is required in Ohio. It will be noted that Form No. 159 has printed on the bottom thereof, and which language on the original in evidence is printed in large type, the following:

"This form must not be sent to the home office, but should be retained by the holder of the policy and presented with the policy when claim is made."

This specifically dispensed with notice to the Company, or the necessity of sending even a copy thereof to the Company. Furthermore, the stipulation that such "rider", so-called, should be attached to the policy and endorsed, is a stipulation for the benefit of the insurer, and may be waived by the insurer, and was so waived when the company paid the money to the executor under the circumstances disclosed by the evidence in this case.

Atkinson v Insurance Co., 114 Oh St, 109;

Early v Early, 3 O.C.C., N.S., 71, 81, affirmed 69 Oh St, 662;

Kerr v Bowers, 26 O.C.C., N.S., 289;

Arnold v Newcomb, 104 Oh St, 578.

Some of these authorities will later be referred to on the question of a change of beneficiary.

Plaintiff places much stress upon the language printed on page 2, that is, on the back of each policy, on the subject of "modifications," etc., but overlooks the fact that these stipulations are for the benefit of the insurer, and that in this case the company expressly waived those stipulations when it paid the money to the executor, not under the "Facility of Payment" clause, but because the defendant, by written release executed by her on the executor's promise to bring suit to con-

strue, waived her claims to the company and authorized it to pay the money to the plaintiff as executor. For this reason, most of the cases cited by the plaintiff have no application here.

"1. The provisions in a policy of insurance regulating the mode and manner of making a change of beneficiary, are for the benefit of the insurance company, and may be waived by it.

5. In the event of a controversy between a former named beneficiary and a new beneficiary, if the insurance company interpleads in an action by a claimant to recover the proceeds of the policy, it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any rights or interests of the insurance company."

Atkinson v Insurance Company, supra.

Plaintiff contends that Cora Mapes, the insured, had no right to change the beneficial interest in the policies because the policies themselves do not reserve that power. The evidence discloses, however, that for many years it has been the custom of the company to recognize changes in accordance with Form 159, and therefore the custom really became a part of the contract. **31 Corpus Juris, 971.**

Further, the consent to a change of a beneficiary in a policy, where such right is not reserved, is necessary only because of the vested interest of the beneficiary, and in the case at bar the policies were originally payable to the executor or administrator of the insured and therefore could not vest until the death of the insured. Therefore, her execution of Form No. 159 was not in fact a change of beneficiary but an assignment by the insured in her lifetime of her beneficial interest in the policies.

Prudential Insurance Co. v Young, 43 NE 253;

**37 Corpus Juris, 582, §347.**

See also:

French v Lauhan, 57 Fed., 2nd, 422;

Ogletree v Hutchinson, 126 Ga., 454; 156 SE, 179.

For the foregoing reasons and on the foregoing authorities, the finding and judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

LLOYD, J, concurs.

RICHARDS, J, not participating.