BRAGDON *v.* PRUDENTIAL INSURANCE COMPANY OF
AMERICA ET AL

[No. 16,643.   Filed May 27, 1941.]

Orph M. Hall and Perry Smith, both of Terre Haute, for appellant.

Hickey, Dewey & Nattkemper, Charles C. Whitlock, and Lloyd C. Adamson, all of Terre Haute, for appellees.

BEDWELL, J.—This cause was tried in the court below upon an agreed statement of facts. There was a finding and judgment for appellees and against appellant. Appellant filed a motion for a new trial in which she specified as reasons, that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law. The sole error assigned is that the trial court erred in overruling appellant's motion for a new trial.

The pertinent facts, for an understanding of the question presented for decision, are summarized, as follows:

Appellant's decedent died on the 1st day of May, 1939, and, at the time of her death, was the insured in a policy of life insurance issued by the appellee The Prudential Insurance Company of America. At the time of her death, the sum of four hundred fifteen dollars and sixty cents ($415.60) was due and payable on such policy. Such policy provided, that the insurer "agrees to pay, at its home office in the City of Newark, New Jersey, unto the executors, administrators or assigns of the person named as the insured in this policy, unless settlement shall be made under the provisions of article second on the back hereof, the amount of Benefit provided in the Schedule herein contained and any additions thereto, within twenty-four hours after acceptance at its said office of satisfactory proof of the death of the insured during the continuance of this policy, . . ." Article second of the policy was as follows:

"2d. FACILITY OF PAYMENT. The company may pay the Benefits provided in this policy to any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expenses in any way on behalf of the Insured, for his or her burial or for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such Benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

On May 2, 1939, appellee Jessie Coffin, a daughter-in-law of the insured, made written claim for the proceeds of said policy to the insurer, under the "Facility of Payment" clause heretofore set forth. She set forth in her claim that she was to pay the burial expenses of the

insured. At that time, appellee Jessie Coffin was in possession of the certificate of insurance, which she delivered to the insurer at the time of making her claim. On the 2nd day of May, 1939, appellee The Prudential Insurance Company of America elected to pay the claim of Jessie Coffin, in the amount of four hundred fifteen dollars and sixty cents ($415.60), pursuant and under the provisions of the "Facility of Payment" clause contained in such policy; and on such date, an agent of the insurer met Jessie Coffin at the funeral home of appellees Arthur O. Gillis and Kenneth Gillis, and agreed to pay the proceeds of such policy to Jessie Coffin; and Jessie Coffin, relying upon such election and agreement of the insurer, agreed with appellees Arthur O. Gillis and Kenneth Gillis, that she would pay the funeral expenses of the insured decedent, Fannie Titus. A written memorandum of such agreement was prepared and signed by appellee Jessie Coffin. A balance of three hundred eighty-four dollars ($384) for the funeral expenses of appellant's decedent is due the appellees Arthur O. Gillis and Kenneth Gillis, and is unpaid. On May 10, 1939, the appellee The Prudential Insurance Company of America did draw its check for four hundred fifteen dollars and sixty cents ($415.60) payable to appellee Jessie Coffin, or order, in full payment of the proceeds of such insurance policy; but before delivery of same, summons was served upon the insurance company in this cause, and the check has never been delivered to Jessie Coffin, nor has the proceeds of said policy been paid to her. The appellees Gillis and Gillis have never filed any claim against the estate of Fannie Titus, deceased, for her funeral bill, but are relying upon the agreement with Jessie Coffin and the appellee insurance company. Appellant was appointed administratrix of the estate of Fannie Titus on May 9, 1939, and duly

qualified on such date. On the same day, she demanded payment of the appellee The Prudential Insurance Company of America of the whole amount due under the insurance policy.

The judgment of the court provided: That the appellee Jessie Coffin recover from the appellee The Prudential Insurance Company of America the sum of four hundred fifteen dollars and sixty cents ($415.60) ; that the appellees Arthur O. Gillis and Kenneth Gillis recover from Jessie Coffin the sum of three hundred eighty-four dollars ($384) ; and that Jessie Coffin, after payment to Gillis and Gillis of the sum of three hundred eighty-four dollars ($384), should pay the surplus, or the difference between four hundred fifteen dollars and sixty cents ($415.60) and three hundred eighty-four dollars ($384), to the appellant. Appellant filed suit to recover the entire sum of four hundred fifteen dollars and sixty cents ($415.60), and the only question presented for decision in this appeal is whether appellant is entitled to recover the full sum of four hundred fifteen dollars and sixty cents ($415.60).

"Facility of Payment" clauses are quite common in industrial insurance policies. Their validity has been attacked upon various grounds, but the courts, as a rule, have looked upon them with favor. Their purpose is to enable the insurer to make prompt payment without the expense of administration proceedings and, also, to remove the chance of litigation between claimants and the insurer. It is generally held that these "Facility of Payment" clauses in industrial life insurance policies are for the benefit of the insurer, to be exercised at its option, and that they give a third party, to whom the insurer might have elected to pay the benefit, no right to compel the insurer to make the payment to him. 29 Am. Jur. § 1279, on p. 955;

*Prudential Ins. Co.* v. *Ritchey* (1919), 188 Ind. 157, 119 N. E. 369, 484; *The Prudential Insurance Company of America* v. *Young* (1896), 14 Ind. App. 560, 43 N. E. 253; Couch's Cyclopedia of Insurance Law, Vol. 2, § 311a, and cases cited.

A "Facility of Payment" clause, identical or quite similar to the clause here involved, has been before this court and the Supreme Court of this state in the following cases: *Thomas* v. *Prudential Ins. Co.* (1902), 158 Ind. 461, 63 N. E. 795; *The Prudential Insurance Company of America* v. *Young* (1896), 14 Ind. App. 560, 43 N. E. 253; *Prudential Ins. Co.* v. *Ritchey* (1919), 188 Ind. 157, 119 N. E. 369, 484; *Smith, Admx.,* v. *Massie* (1931), 93 Ind. App. 582, 179 N. E. 20.

In the case of *Smith, Admx.* v. *Massie, supra,* the Prudential Insurance Company paid the proceeds of a life insurance policy under a "Facility of Payment" clause, almost identical with the clause here involved, to Elza Massie, the husband of the insured. The administratrix of the estate of the insured filed an action to recover the sum so paid. The jury found for the defendant; and this court, in reversing the cause and granting a motion for a new trial, uses the following language at p. 587:

> "While the facility of payment clause protects the insurance company in all cases where it makes payment in accordance therewith, such payment made by the insurance company in the exercise of its option does not operate *ipso facto* to confer upon the payee of the fund any legal right of property therein, but constitutes the payee a trustee who holds the funds in trust for the benefit of the estate. *Allen* v. *Allen* (1918), 88 N. J. Eq. 575, 103 Atl. 169.
>
> "In matter of *Degenhardt* (1924), 123 Misc. Rep. 762, 206 N. Y. Supp. 220, speaking of a facility of payment clause, the court says: 'This provision in industrial insurance policies is for the protection of the companies. It does not "grant or take away a

cause of action from any person," ' citing *Wachtel* v. *Harrison* (1914), 84 Misc. Rep. 76, 145 N. Y. Supp. 982; *Ruoff* v. *John Hancock Mutual Life Ins. Co.* (1903), 86 App. Div. 447, 83 N. Y. Supp. 758; *Wokal* v. *Belsky* (1900), 53 App. Div. 167, 65 N. Y. Supp. 815, so that the fact that the death benefit was paid to the respondent, standing alone, did not give her title thereto as against the estate of the decedent. To hold to any other view would be giving the insurance company the right to adjudicate matters between the contesting claimants to the proceeds of the policy.

"In this case, the fact that Elza Massie is the husband of the deceased did not place him above the law to account to any administrator or executor who, under the law, is charged with the duty to collect the assets of the estate, pay the debts thereof, and make distribution of same to such heirs and legatees as may be entitled to the same, to be approved by a court granting authority to such administrator."

While it is true, that, in the absence of a testamentary provision to the contrary, an administrator or executor is entitled to the possession of all the decedent's personal property for the purpose of settlement of the estate, the agreement between the insurer and the insured herein clearly provided for the disposition of the proceeds of the insurance policy in question, without administration. One of the commendable purposes of such a clause in these industrial insurance policies is to secure the application of the insurance money upon funeral expenses without the necessity of the expenses incident to administration. Persons of small means, ordinarily, are the insured in such policies; they pay a small weekly or monthly sum to secure for themselves a decent burial. The funds, quite often, are not more than are sufficient to pay funeral expenses. When death comes, arrangements have to be made at once; and the funeral director must be secured for his services. Does the law require that the proceeds of an insurance

policy, such as is here involved, must first pass into the hands of an administrator and must first be applied to the payment of court costs, administrator's fee, and attorney's fee before it can be applied to the costs of the funeral of the insured?

If the estate of the decedent were adequate to pay all of the costs and expenses of administration, as well as funeral expenses, then we can see no reason, under the facts here presented, why there can be any objection to the judgment of the court below. All parties have stipulated and agreed that these funeral expenses were due and unpaid. The entire balance after payment of the funeral expenses goes to the administratrix. If the administratrix is entitled to recover the entire proceeds of the insurance policy, all or a large portion thereof may be necessary to pay expenses of administration; and the funeral expenses will not be fully paid from such proceeds.

The burden of proof was upon appellant to establish her rights to recover the entire proceeds of the insurance policy involved, and the only evidence produced is that contained in the agreed statement of facts. The right of an administrator, to recover the proceeds of the insurance policy from a person designated in the "Facility of Payment" clause, to whom the insurer has elected to pay the same, and has paid the same, is not an absolute right that can be exercised in all cases and under all circumstances. Nor is the right of the administrator of the insured, to recover such proceeds, an absolute right that may be exercised in all cases where the insurer has elected to pay, but has not actually paid such proceeds. No facts are shown here which would tend to indicate that any of the appellees had not shown good faith or were not acting honestly in making arrangements for the payment of the funeral

expenses of decedent before an administratrix was appointed. Nor is there any showing that the amount of the charge for the funeral expenses was improper or that the payment of the same would result in an illegal or improper preference being granted to the appellees Gillis and Gillis over any other claimants against the estate of decedent. No facts, whatever, are shown as to why appellant should object to a payment being made, which appellant, herself, would be required to make, if the funds came into her hands as administratrix. The trial court, by the terms of its judgment, ordered the payment of the surplus of the proceeds of the insurance to appellant after the funeral expenses were paid.

We hold that under the facts agreed to by the parties, appellant has not established her right to recover all of the proceeds of the insurance policy, and that the finding and judgment of the trial court, providing for the distribution of such proceeds, was proper.

The judgment is affirmed and it is so ordered.

NOTE.—Reported in 34 N. E. (2d) 173.