<hr />

(28 App. Div. 553.)

RUET v. RUET et al.

(Supreme Court, Appellate Division, Second Department.    April 26, 1898.)

APPEAL—REVIEW OF FACTS.
        In a suit in equity to establish plaintiff's title to certain moneys deposited
    in a savings bank in the name of his mother at the time of her death, the
    complaint alleged, and there was ample proof to show, that the sum was
    wholly made up of the plaintiff's personal earnings, of which he had con-
    stituted his mother the custodian, retaining his right to have it on demand,
    and that she repeatedly recognized his ownership.    *Held*, on appeal from
    a judgment dismissing the complaint, that the decision was so clearly against
    the evidence as to demand a reversal on the facts.

Appeal from special term, Kings county.

Action by Nicholas J. Ruet against Nellie G. Ruet and others.
From a judgment for defendants, as amended by a subsequent order,
which judgment was entered on findings directing a dismissal of the
complaint at the conclusion of the evidence for plaintiff, he appeals.
Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

B. R. Duncan, for appellant.
H. B. Woods, for respondents.

WILLARD BARTLETT, J.    This is a suit in equity, in which
the plaintiff seeks to establish his title to certain moneys which were
on deposit in a savings bank in the name of his mother at the time
of her death.    The defendant claims half the fund, as the child of
a deceased brother of the plaintiff.    The learned trial judge dis-
missed the complaint at the close of the plaintiff's case, saying: "I
will find that the deceased made no declaration of trust.    There is
not a word of evidence to indicate it."    This disposition of the action
must have proceeded on the assumption that the plaintiff could not
succeed in the suit unless he proved a declaration of trust on the part

of his mother.   Even so, I am inclined to think that the plaintiff had made out his case, in view of the rule that any declaration, however informal, will suffice to establish a trust in personal property, provided it clearly manifests the intention of the person making it. Day v. Roth, 18 N. Y. 448, 453.   But it was not necessary that the plaintiff should prove the declaration of any trust at all.   He alleged in his complaint that the money in the savings bank was his property; that he placed it in the hands of his mother, to be held and kept by her for him, and to be returned to him at any time upon his request; and that at the time of her death she had it on deposit in the bank.   These allegations were amply supported by the proof, which showed that the sum in bank was wholly made up of the plaintiff's personal earnings, of which he had constituted his mother the custodian, and that she repeatedly recognized his ownership thereof.   Without reviewing the testimony in detail, it is enough to say that upon the record before us the plaintiff's case is established with such cogency that the decision against him must be regarded as so clearly against the evidence as to demand a reversal of the judgment on the facts.

Judgment reversed, and new trial granted; costs to abide the event. All concur.