[3] The appellants also contend that the appraiser erred in dividing the life interest of F. Melville Blun in one-fifth of the residuary estate, so that the transfer of two-thirds was assessed against him and one-third against the trustees for the benefit of persons of the 1 per centum class. This undoubtedly was error, and I sustain the appellants' contention.

[4] Under the seventh clause of decedent's will the executors are given the power to pay out a portion of the principal of the trust fund to decedent's son if he should desire to use it for business purposes. This is undoubtedly a power to invade the principal. The appellants contend that under the law, as laid down in the Matter of Granfield, 79 Misc. Rep. 374, 140 N. Y. Supp. 922, Matter of Blyn, 160 N. Y. Supp. 730, and Matter of Spiegelberg, 160 N. Y. Supp. 730, this portion of the estate, owing to the fact that the power of invasion is created, should be suspended from taxation. I do not agree with this contention. An examination of the last two mentioned cases shows that they were based upon the decision in the Matter of Granfield, supra. This case was decided prior to the decision of the Court of Appeals in the Matter of Zborowski, 213 N. Y. 109, 107 N. E. 44. The theory of law as laid down in that case consequently was not applied in the disposition of the said cases. I think, therefore, that in the case under discussion the Matter of Zborowski governs, and that the said remainder is presently taxable.

As to the second and fourth grounds, the order fixing tax is affirmed. Let the order fixing tax be vacated and the report remitted to the appraiser for the purpose of correcting it in the respects above noted.

---

(95 Misc. Rep. 427)
### In re SHANLEY.

#### (Surrogate's Court, Bronx County. May, 1916.)

1. INSURANCE ⬤⟞589—LIFE POLICIES—RIGHT TO.
   Where an industrial life policy, providing for payment either to the executor, administrator, husband or wife, or any blood relative of the insured, named insured's first wife as beneficiary and after her death the designation was not changed, the second wife, who became administratrix and received payment, cannot claim the proceeds as her own.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1472–1474; Dec. Dig. ⬤⟞589.]

2. INSURANCE ⬤⟞585(1)—LIFE INSURANCE—PAYMENT.
   Insured's second wife, not being entitled under the policy to the proceeds, cannot claim them by reason of the payment.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1461, 1464, 1468; Dec. Dig. ⬤⟞585(1).]

3. EXECUTORS AND ADMINISTRATORS ⬤⟞214—EXPENSES—CLAIMS FOR FUNERAL EXPENSES.
   Where an association in which deceased was a member provided that upon the death of a member in good standing the sum of $200 should be paid to those defraying the expenses of the funeral, and that the overplus, if any, should be paid to the widow, eldest child, or parents of deceased, the widow, who as administratrix paid deceased's funeral ex-

penses cannot charge them against the estate and at the same time receive the benefit.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 755; Dec. Dig. ☞214.]

4. EXECUTORS AND ADMINISTRATORS ☞194(1)—ALLOWANCES—RIGHT TO ALLOWANCE.

Under Code Civ. Proc. § 2735, an administratrix, who did not claim the exemption to which she was entitled under section 2670, subd. 4, deeming herself entitled to the whole of the estate, may, it appearing that she was not so entitled, claim the exemption on settlement of her accounts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 713, 715, 720, 722; Dec. Dig. ☞194(1).]

5. EXECUTORS AND ADMINISTRATORS ☞492—JUDICIAL SETTLEMENT OF ACCOUNTS—RIGHT TO COMPENSATION.

On the judicial settlement of the accounts of the administratrix, where they were surcharged so as to leave a surplus, the administratrix, though she did not previously claim her compensation, may do so.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2083; Dec. Dig. ☞492.]

In the matter of the judicial settlement of the account of Bertha Shanley, as administratrix of John Shanley, deceased. Account surcharged, and distribution ordered.

James A. Sullivan, of New York City, for petitioner.
Felix A. Muldoon, of New York City, for respondent.
John A. McEveety, of New York City, special guardian.

SCHULZ, S. The widow of the decedent, being also the administratrix of his goods, chattels, and credits, filed her account and prayed for its judicial settlement. The decedent left him surviving two children of full age, the issue of a former marriage, and one child, an infant, the son of the decedent and the accounting administratrix. The accountant charges herself with having received no property of the decedent of any kind.

One of the adult children of the decedent filed objections, in which he claims that the administratrix has failed to charge herself with the sum of $600, forming a part of decedent's estate which she received, and he also objects to an item in schedule C of said account in the sum of $191.60 paid for funeral expenses, and to two expenditures, one for medical treatment in the sum of $42, and one for nursing in the sum of $40, which, it is alleged, appear in schedule G of the account, and for which no vouchers were filed. No item of $42 appears in schedule G of the account, and upon the hearing the objections to this alleged item and to the item of $40 were withdrawn.

[1] It appears that the administratrix has received the sum of $600, which was the amount due upon an industrial life insurance policy originally in the sum of $500. The policy is in the usual form, and provides for payment "to one of the persons described in condition first." Condition "first" provides that the company may pay "to either the executor or administrator, husband or wife, or any relative by blood, or lawful beneficiary, of the insured. * * *"

The decedent procured this policy at the time that his first wife was still living, and in the application for the same, which he signed, the name of the beneficiary, "subject to provisions of policy applied for," was given as "Kate Shanley, Wife." The accounting administratrix urges that by virtue of the application in question the policy was payable to the wife of the decedent, and as she was the wife of the decedent at the time of the latter's death she became the beneficiary under the policy.

In this she is in error. There was no new designation of the beneficiary, after the issuance of the policy and the death of the decedent's first wife, Kate Shanley. At the time the application was made and the policy issued, the accountant was not the wife of the deceased, and while he used the term "wife" in the application and the application formed a part of the contract of insurance (Wachtel v. Harrison, 84 Misc. Rep. 76, 145 N. Y. Supp. 982), it clearly appears, from the fact that he inserted the name of the person who was his wife when the application was made, that he intended the beneficiary to be the latter and not the accountant who occupied that relationship at the time of his death (Day v. Case, 43 Hun, 179).

[2] The insurance company did in fact pay the death benefit to the accountant. The accountant sets forth that the check was delivered to her as administratrix. The fact that the company may pay the death benefit to one of several persons does not make the moneys paid under the policy the property of the person to whom the company may elect to pay the same. The provision for such payment is only for the protection of the insurance company, but does not "grant or take away a cause of action from any person." Wachtel v. Harrison, supra; Ruoff v. John Hancock Mutual Life Ins. Co., 86 App. Div. 447, 83 N. Y. Supp. 758. It cannot by electing to pay any one of the persons mentioned in condition "first," in my opinion, invest that person with the absolute ownership of the moneys paid. If the contrary were the fact, then it would have the power to make any person the beneficiary who would come under the designation quoted above, to the exclusion of the others, and thus a surviving husband or wife would be entirely deprived of any part thereof if payment were made to a relative by blood. Wokal v. Belsky, 53 App. Div. 167, 65 N. Y. Supp. 815.

Upon the death of Kate Shanley, her right to the death benefit ceased and passed to her husband. Bradshaw v. Mutual Life Ins. Co., 187 N. Y. 347, 80 N. E. 203, 10 Ann. Cas. 266. Upon the latter's death it became a part of his estate (Olmsted v. Keyes, 85 N. Y. 593; Walsh v. Mutual Life Ins. Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651; Waldheim v. John Hancock Mutual Life Ins. Co., 8 Misc. Rep. 506, 28 N. Y. Supp. 766), and as the accountant came into possession thereof and is his administratrix she should account for it as such (Ruoff v. John Hancock Mutual Life Ins. Co., supra). The objection to her failure to include this item in her account must therefore be sustained.

[3] As to the second objection, it appears that the decedent was a member of an association of pipe fitters. As such, a death benefit

accrued upon his death. The constitution of the association in question provides that, upon the death of a member in good standing, the sum of $200 is to be paid to those defraying the expenses of the funeral; it further provides that the overplus, if any, shall be paid to either the widow, eldest child, mother, or father of the deceased. The accountant received this death benefit of $200 and paid the funeral expenses. She now claims that she is entitled to keep the death benefit thus paid to her and to charge the estate with the amount of the funeral expenses. In this she is also in error. The section is very clear and explicit, and the charge against the estate for the funeral expenses was not justified, unless the estate was also credited with the amount of the death benefit. Under these circumstances, the objection to the item in schedule C must be sustained.

[4] Unfortunately, the estate in question is at best very small indeed, and the condition of the accountant, who is left with an infant child dependent upon her, is one which strongly appeals to the equitable consideration of this court. It appears that she did not set aside the exemption to which she was entitled under section 2670, subdivision 4, of the Code of Civil Procedure, and no credit is claimed therefor in her account. In his memorandum submitted on this application, counsel now asks that such allowance be made. She was clearly entitled to such an exemption, the court has the power to award it to her (Code Civ. Proc. § 2735), and in view of the hardship under which she is laboring, in my opinion, should do so.

[5] I am satisfied that the failure of the widow to account for the proceeds of the policy of life insurance was due to an honest and very natural mistake. On the accounting a deficit was shown, and no claim for commissions and expenses of administration was made. As the account will now show a balance by reason of the surcharge, commissions and the expenses of the accounting will be allowed, unless waived.

The following disposition will therefore be made of the matter: The widow will be allowed an exemption of $150. The accounting administratrix will be credited with the item of $40, as to which the objection was withdrawn, and she will be surcharged with the sum of $600, the amount received by her from the insurance company. The item of expenses for the funeral bill, amounting to $191.60, in schedule C, will be disallowed. The balance remaining after the deduction of commissions and the expenses of the accounting will be distributed to those entitled thereto by law.

Decreed accordingly.