Matter of the Judicial Settlement of the Accounts of ERNEST E. L. HAMMER, Public Administrator, as Administrator of the Estate of CHARLES H. FOX, Deceased.

(Surrogate's Court, Bronx County, January, 1918.)

Decedent Estate Law — accounting — insurance (life) — next of kin — public administrators.

In an accounting proceeding it appeared that the decedent left no wife, no children, no representatives of a child, no next of kin and no children of his deceased wife, him surviving, and that he died possessed of personal property only including two policies of insurance in which his wife was stated to have been the beneficiary, and a bank account in her name in trust for decedent. His wife who predeceased him left a sister, two brothers, nephews and nieces. In denying their claim that they should be deemed the decedent's next of kin for purposes of distribution, *Held:*

That, under the terms of the policies of insurance, the interest of the wife was merely a contingent interest which would vest upon the prior death of the decedent, provided he made no change in the beneficiary; but as the wife died before the deceased she never became vested with the right to the death benefit and hence the decedent did not receive it from her upon her death;

That the form of a deposit in the bank created a tentative trust revocable at will by the decedent's wife at any time before her death; that as she predeceased the decedent the trust became irrevocable and the moneys evidenced by the deposit vested in the deceased and were not received by him "by will or by virtue of the laws relating to the distribution of the personal property of the deceased person."

PROCEEDINGS on judicial settlement of accounts of administrators.

Ernest E. L. Hammer, public administrator, petitioner in person.

13

Surrogate's Court, Bronx County, January, 1918.   [Vol. 102.

George J. Gregg, for respondents.

Charles V. Halley, Jr., special guardian for infant respondents.

Schulz, S.   It appears that the decedent left no wife, no children, no representatives of a child, no next of kin and no children of his deceased wife, him surviving, and that he died possessed of personal property only.   His wife, who predeceased him, left a sister, two brothers, nephews and nieces.

It is contended that under subdivision 16, section 98, of the Decedent Estate Law (being Laws of 1909, chap. 18 as amd. by Laws of 1913, chap. 489 and constituting Consol. Laws, chap. XIII) decedent having left no next of kin of his own, the next of kin of his wife Rachel Fox, should be deemed his next of kin for the purposes therein referred to.   This subdivision is as follows:

" If there be no husband or wife surviving and no children, and no representatives of a child, and no next of kin, and no child or children of the husband or wife of the deceased, then the whole surplus shall be distributed equally to and among the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in chapter eighteen of the code of civil procedure; but such surplus shall not, and shall not be construed to, embrace any personal property except such as was received by the deceased from such husband or wife, as the case may be, by will or by virtue of the laws relating to the distribution of the personal property of the deceased person."

It will be noted that by its terms the meaning of the word " surplus " is limited so as to embrace only such

personal property " as was received by the deceased from such husband or wife, as the case may be * * *."

Upon the hearing before me, I reserved my decision upon a motion to strike out the testimony of one of the witnesses, namely, Bertha Alexander. That motion I now deny and award an exception to the attorney for the accountant.

With all of the testimony before me, however, I cannot find that any of the property of which the decedent died possessed was received by the decedent from his wife. There appear to be only three items as to which the slightest basis for such a contention might be claimed.

In two policies upon the life of the decedent, his wife is stated to have been the beneficiary. It was provided that copies of these policies might be offered in evidence in lieu of the originals, and one of the same has been thus offered. If the deceased wife was the absolute beneficiary in the said policies and had a vested right in the death benefit, that right would have passed to her husband upon her death (*Bradshaw* v. *Mutual Life Ins. Co.,* 187 N. Y. 347), and upon the latter's death it would have become part of his estate. *Olmsted* v. *Keyes,* 85 N. Y. 593; *Walsh* v. *Mutual Life Ins. Co.,* 133 id. 408; *Waldheim* v. *John Hancock Life Ins. Co.,* 8 Misc. Rep. 506. Under such circumstances it might become necessary to consider whether the property received from a deceased wife through the operation of the *jus mariti* (*Gerber* v. *State Bank,* 167 App. Div. 263 and cases cited) would come under the subdivision quoted. But under the policy in question this is unnecessary. The latter is an industrial policy and contains the following clause: " In the event of the decease of the insured * * * payment of the amount due hereunder will be made * * * to the beneficiary, if living, last nomi-

Surrogate's Court, Bronx County, January, 1918.    [Vol. 102.

nated, whether in the proposal herefor or in any writ-
ten amendment thereof filed with and approved by the
Company; but the Company may make payment to the
Executor or Administrator of said insured, or to any
relative by blood or connection by marriage, or to any
other person in the judgment of said Company
equitably entitled to the same by reason of having
incurred expense in any way on behalf of the insured
for burial, or for any other purpose;    *    *    *.''

Nothing before me indicates who the last '' nomi-
nated '' beneficiary is. Assuming, however, that it was
the wife of the deceased, which is the hypothesis most
favorable to the respondents, it is clearly evident that
her interest was merely a .contingent interest (*Smith*
v. *National Ben. Soc.*, 123 N. Y. 85; *Southwell* v. *Gray,*
35 Misc. Rep. 740) which would vest upon the prior
death of the decedent provided he had made no change
in the beneficiary. As the widow died before the
deceased, she never became vested with the right to the
death benefit. Hence her husband did not receive it
from her upon her death.

As it was stipulated that the terms of the other
policy were substantially the same as the one under
consideration, the same reasoning would apply.

The other item was a bank account in the Harlem
Savings Bank in the name of '' Rachel Fox, trust for
Charles H. Fox.'' The form of this deposit created a
tentative trust revocable at will by the deceased wife
at any time before her death. *Matter of Totten,* 179
N. Y. 112; *Matthews* v. *Brooklyn Savings Bank,* 208
id. 508; *Matter of Leonard,* 218 id. 513, 520; *Martin*
v. *Martin,* 46 App. Div. 445, appeal dismissed 166 N. Y. ·
611; *Ruet* v. *Ruet,* 28 App. Div. 553. As the wife died
before the decedent, the trust became irrevocable upon
her death, and the moneys evidenced by the deposit
vested in the deceased and were not received by the

deceased " by will or by virtue of the laws relating to the distribution of the personal property of the deceased person."

It follows that the claims of the next of kin of the deceased wife are not tenable and should be disallowed.

Decreed accordingly.