Charles H. Cohen, J.
The Amalgamated Lithographers of America, a union of which Daniel Sessa (the deceased) was a member, issued a death benefit certificate dated April 9, 1958 providing that upon his death and under certain conditions the union would pay out of its mortuary fund the sum of $1,000 to "Jean Louise Sessa * * * wife (subject to the right of the insured to change the beneficiary in accordance with the Constitution” of the union.
The facts are not in dispute. On September 26, 1953, the deceased married the plaintiff, Jean Sessa. Two children were born of that marriage. On September 6, 1969, the deceased divorced plaintiff, although he apparently continued to contribute to the support of plaintiff and the two children. On September 12, 1970, the deceased married Trudy Sessa, the impleaded defendant. A posthumous child was born of that marriage. The deceased died on February 24, 1975 following an accident and Trudy paid his funeral bill of $2,397.
Jean as the named beneficiary in the death benefit certificate, commenced an action against defendants, trustees of the mortuary fund, for the recovery of the sum of $1,000. Defendants do not deny that this sum is payable but in order to protect themselves against multiple liability, brought Trudy into this action. Both Jean and Trudy have moved for summary judgment.
Jean’s position is that she is entitled to this sum as the beneficiary named in the certificate. It is pointed out that while the certificate refers to her as "wife”, following her name, this is merely descriptive and does not affect her right, as beneficiary, to the proceeds. (Salvin v Salvin, 165 App Div 362; see, also, Day v Case, 43 Hun 179; Matter of Shanley, 95 Misc 427.) Trudy does not disagree with this general rule but argues that while it may apply to the beneficiary of an insurance policy, it is not applicable to a mortuary fund. No authorities have been presented or found concerning the proper beneficiary of a mortuary fund in the circumstances presented and Trudy’s counsel advises that the defendants’ counsel also knows of none.
Trudy points out that a mortuary fund certificate is not an insurance policy or insurance certificate. She argues that the proceeds of a mortuary fund are to be used for funeral *374 expenses and since she paid those expenses, she is entitled to the $1,000 payments even though someone else is named as beneficiary. Apparently, the concept of a mortuary fund is derived from a long standing union practice of taking up a collection or assessing the membership whenever a member died in order to present a burial benefit to his widow.
However, despite its origin, at least in this case, it has been formalized to the extent that prior to the death of the union member, provision was made for payment in accordance with the death benefit certificate. This certificate even calls the deceased "the insured”. For a description of the manner in which this mortuary fund operated, see Local No. 1, Amalgamated Lithographers of Amer. v Brown (31 AD2d 127, affd 27 NY2d 547).
The court cannot disregard the terms of the certificate providing for payment to the named beneficiary which the deceased, for whatever reason, did not choose to change. The court cannot change it for him and the court cannot disregard the certificate and declare that, by reason of the historical origins of a mortuary fund, the proceeds should be delivered to one who paid the deceased’s funeral bill rather than to the named beneficiary.
Plaintiff’s motion for summary judgment is granted and the impleaded defendant’s motion for summary judgment is denied.