■ ROBERT W. CURLEY, as Administrator of the Estate of JAMES H. CURLEY, Deceased, Respondent, v ARLENE A. GILTROP, Appellant.—Main, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 25, 1985 in Madison County, upon a decision of the court at Trial Term (Tait, Jr., J.), without a jury.

Defendant obtained an uncontested divorce from decedent on June 7, 1983. During the divorce trial, defendant stated that, in exchange for certain marital property, she would waive her rights with regard to decedent's retirement benefits and life insurance. Decedent committed suicide on July 23, 1983. Defendant had been named as beneficiary of decedent's retirement program death benefits and life insurance proceeds, and decedent never changed this designation prior to his death. As a result, defendant received death benefits and insurance proceeds totaling over $85,200. Thereafter, having been issued letters of administration for decedent's estate, plaintiff, decedent's brother, commenced this action on behalf of the estate to recover the benefits and proceeds received by defendant. After a nonjury trial, plaintiff was awarded a judgment against defendant for the total amount of death benefits and life insurance proceeds received by her. This appeal by defendant ensued.

We reverse. It is well settled that a waiver can be made only as to known, existing rights (see, City of New York v State of New York, 40 NY2d 659, 669; Matter of Gordon v Town of Esopus, 107 AD2d 114, 116, lv denied 65 NY2d 609). In other words, a person must first have the right to exact some particular performance of another person before a waiver can occur (see, 21 NY Jur, Estoppel, Ratification, and Waiver, § 88, at 126-127 [1961]). Here, the only existing right as to decedent's retirement program and life insurance that defendant possessed at the time of the divorce action (when she made the waiver in question) was that right granted to her by Domestic Relations Law § 236 (B) (8) (a). Under that statutory provision, defendant could have, during equitable distribution, sought a court order requiring decedent to, inter alia, maintain life insurance for himself naming defendant as irrevocable beneficiary. This was the only right that defendant possessed as to decedent's life insurance and, having waived this right, she placed complete control over the beneficiary designation in the hands of decedent. Since defendant had no existing rights, as of the time of the divorce action, as to decedent's retirement program death benefits, the power to

alter his beneficiary designation always remained with decedent.

Thus, with regard to both the life insurance and the retirement program, decedent possessed unfettered control after the divorce to change the beneficiary designations as he saw fit. He did not, however, elect to make any such change. Instead, he left defendant as the beneficiary of both the insurance proceeds and his retirement program death benefits, and there is absolutely nothing in the record indicating that decedent intended to change the beneficiary designation, even in the aftermath of the divorce *(cf. Cable v Prudential Ins. Co.,* 89 AD2d 636). Because plaintiff failed to show by clear and convincing evidence that the estate, rather than defendant as the designated beneficiary, was entitled to the insurance proceeds and death benefits *(see, Benderson Dev. Co. v Schwab Bros. Trucking,* 64 AD2d 447, 457), we decline to exercise our powers of equity to reform the insurance policy and retirement program documents so that the estate can recover the proceeds and benefits that have been paid to defendant *(see, Sessa v Trustees of Mortuary Fund,* 85 Misc 2d 372, 374, *affd* 88 Misc 2d 377).

Judgment reversed, on the law and the facts, without costs, and complaint dismissed. Mahoney, P. J., Main and Harvey, JJ., concur.

Kane and Casey, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). The cause of action set forth in the complaint is to recover moneys from defendant upon the theory of unjust enrichment. Accordingly, we would affirm for the reasons set forth in the decision of Justice Albert E. Tait, Jr., at Trial Term.